IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OSCAR STILLEY                                                                                          PLAINTIFF

v.                                            No. 4:04CV00780 GH

MIKE BEEBE, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL
OF THE STATE OF ARKANSAS                                                                    DEFENDANT

### ORDER

On August 6, 2004, plaintiff filed a complaint alleging civil rights violations under 42 U.S.C. §§1983 and 1985 by defendant's failure to certify the ballot title, popular names, and facial validity of a referendum petition submitted to defendant regarding Act 107 of the Second Session of 2003 of the Arkansas General Assembly that increased taxes and added new taxes.  In Count 1, plaintiff contends that he has 90 days after the recess on June 9, 2004 to submit petitions pursuant to the referendum procedures of Arkansas Constitution Amendment 7 so the deadline is September 7, 2004.  Plaintiff asserts that there is a dispute under Amendment 7 with defendant contending that the 90 days for a referendum begins with the first day of the recess while plaintiff contends that the 90 days begins to run after the last day of said recess and so defendant has refused to approve the ballot title and popular name on the ground that the request was untimely.  While acknowledging that Ark. Code Ann. §7-9-107 provides for judicial review by the Arkansas Supreme Court of refusals to approve or rewrite ballot titles or poplar names, he claims that forum is incompetent as he is currently involved in litigation with members of that court that have refused to recuse

themselves in cases involving him. Count 2 alleges violation of due process and equal protection in denying the right of modification of ballot titles and popular names of citizen initiated ballot measures. Count 3 asserts that there is no rational basis for testing ballot measures drafted by the General Assembly to manifest fraud while testing citizen sponsored initiatives at an extremely strict standard. He seeks declaratory and injunctive relief.

Defendant filed a motion to dismiss with supporting brief on October 12th arguing that the complaint should be barred by the <u>Younger</u> and <u>Pullman</u> abstention doctrines should the Court believe state law to be unclear; the claims against defendant are barred by the doctrine of sovereign immunity; the §1983 claim fails to state a claim since defendant in his official capacity is not a person under §1983; failure to state facts to support a claim for violation of due process or equal protection; and the claims are moot because there is not possibility for meaningful relief. In sum, defendant contends that plaintiff seeks redress because he missed a deadline imposed by state law and redress is readily available to him in state court.

On November 15th, plaintiff responded that neither <u>Younger</u> nor <u>Pullman</u> abstention are proper, the official capacity relief is not barred by sovereign immunity, defendant is a person under §1983 analysis against whom relief can be granted, sufficient facts have been stated to support a claim of due process and equal protection, and mootness does not apply due to the doctrine of "capable of repetition but evading review."

Defendant contends that the subject of plaintiff's complaint revolves around his efforts to propose a referendum on Act 107 of the Second Extraordinary Session of 2003 when he submitted a proposal on July 7, 2004 to defendant who responded on July 19, 2004 denying certification because the popular name and ballot title were deemed insufficient as may causing confusion as to

whether a "for" vote was a vote to accept or to reject and did not adequately summarize the provisions of Act 107, and was also rejected as being past the deadline for submitting the referendum since it had become law on February 12th before the extended March 4th recess so the deadline for filing any referendum on Act 107 was 90 days after the recess or June 3, 2004. Instead of using the process provided by Arkansas law for challenging defendant's decision, plaintiff filed this lawsuit.

The first ground asserted by defendant for dismissal is abstention. He states that as plaintiff alleges that his petition was timely, then there must be a finding that there is an ambiguity which would make abstention appropriate since the Arkansas court could rule on state statutory grounds as to the application of Amendment 7 – as interpretation of state law is central to plaintiff's suit – and avoid federal constitutional questions. Defendant continues with applying the Pullman factors that the state law question must be answered before any constitutional issues can be addressed and so a ruling as to the application and interpretation of Amendment 7 as to the deadline would moot all constitutional arguments; that plaintiff has an adequate state remedy as §7-9-107 specifically allows a petition to the Arkansas Supreme Court from defendant's decision and he then can apply to the United States Supreme Court for certiorari; that the Arkansas Supreme Court should be given the opportunity to address the interpretation and application of the deadlines imposed by Amendment 7; that the state law in question is susceptible to an interpretation that would avoid any federal constitutional questions; and that abstention will avoid federal interference with state operations since he is challenging the timing of a deadline found in the Arkansas Constitution and alleges that the Arkansas Supreme Court is incompetent to hear his case.

Plaintiff has responded to the abstention issue that there is no adequate opportunity in the state proceedings to raise constitutional challenges since his complaint alleges that the members of the Arkansas Supreme Court are involved in litigation with him so such an interested tribunal is incompetent under due process, that there is virtually no possibility of timely review due to the recess, and six of the sitting members have refused to review ballot titles and popular names in the past. He states that he has alleged he has no state remedy and that he would be relegated to an incompetent court. Plaintiff further insists that abstention is inappropriate in the context of First Amendment claims.

> Arkansas Constitution Amendment 7 entitled "Initiative and Referendum" provides in part:
>
> The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power, at their own option to approve or reject at the polls any entire act or any item of an appropriation bill.
>
> \*\*\*\*
>
> Referendum. The second power reserved by the people is the referendum, and any number not less than six per cent of the legal voters may, by petition, order the referendum against any general Act, or any item of an appropriation bill, or measure passed by the General Assembly, but the filing of a referendum petition against one or more items, sections or parts of any such act or measure shall not delay the remainder from becoming operative. Such petition shall be filed with the Secretary of State not later than ninety days after the final adjournment of the session at which such Act was passed, except when a recess or adjournment shall be taken temporarily for a longer period than ninety days, in which case such petition shall be filed not later than ninety days after such recess or temporary adjournment. Any measure referred to the people by referendum petition shall remain in abeyance until such vote is taken. The total number of votes cast for the office of Governor in the last preceding general election shall be the basis upon which the number of signatures of legal voters upon state-wide initiative and referendum petitions shall be computed.
>
> Under the portion entitled "The Petition," it continues:

Sufficiency. The sufficiency of all state-wide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction over all such causes. The sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk as the case may be, subject to review by the chancery court.

Court Decisions. If the sufficiency of any petition is challenged such cause shall be a preference cause and shall be tried at once, but the failure of the courts to decide prior to the election as to the sufficiency of any such petition, shall not prevent the question from being placed upon the ballot at the election named in such petition, nor militate against the validity of such measure, if it shall have been approved by a vote of the people.

Ark. Code Ann. §7-9-107 provides in part:

(a) Before any initiative or referendum petition ordering a vote upon any amendment or act shall be circulated for obtaining signatures of petitioners, the sponsors shall submit the original draft to the Attorney General, with a proposed legislative or ballot title and popular name.

(b) The Attorney General shall, within ten (10) days, approve and certify or shall substitute and certify a more suitable and correct ballot title and popular name for each amendment or act. The ballot title so submitted or supplied by the Attorney General shall briefly and concisely state the purpose of the proposed measure.

(c) If, as a result of his review of the ballot title and popular name of a proposed initiated act or a proposed amendment to the Arkansas Constitution, the Attorney General determines that the ballot title, or the nature of the issue, is presented in such manner that the ballot title would be misleading or designed in such manner that a vote "FOR" the issue would be a vote against the matter or viewpoint that the voter believes himself casting a vote for, or, conversely, that a vote "AGAINST" an issue would be a vote for a viewpoint that the voter is against, the Attorney General may reject the entire ballot title, popular name, and petition and state his reasons therefor and instruct the petitioners to redesign the proposed measure and the ballot title and popular name in a manner that would not be misleading.

(d) If the Attorney General refuses to act or if the sponsors feel aggrieved at his acts in such premises, they may, by petition, apply to the Supreme Court for proper relief.

The Eighth Circuit discussed Pullman abstention in the case of Beavers v. Arkansas State Bd. of Dental Examiners, 151 F.3d 838, 840-841 (8th Cir. 1998):

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction in proper cases. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). This obligation notwithstanding,

federal courts may abstain from deciding an issue in order to preserve "traditional principles of equity, comity, and federalism." Alleghany Corp. v. McCartney, 896 F.2d 1138, 1142 (8th Cir. 1990). The Pullman abstention doctrine is one of several limited doctrines that permit district courts to preserve such principles. [FN7]

> FN7.  See, e.g., Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (to avoid duplicative litigation); Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (to avoid intrusion on state enforcement of state laws in state courts); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424(1943) (to avoid needless conflict in the administration of state affairs).

Pullman abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations. [FN8] George v. Parratt, 602 F.2d 818, 820-22 (8th Cir. 1979) (George ). In Lake Carriers' Association v. MacMullan, 406 U.S. 498, 510-11, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), the Supreme Court defined the proper context for Pullman abstention:

> FN8.  This factor incorporates two distinct considerations: (1) whether there is a pending state action that will be disrupted, and (2) whether federal intervention would interfere with state procedures and policies in areas of special state interest.  George v. Parratt, 602 F.2d 818, 822 (8th Cir. 1979).

> The paradigm case for abstention arises when the challenged state statute is susceptible of "a construction by the state courts that would avoid or modify the [federal] constitutional question." ... More fully, we have explained: "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication.... The doctrine ... contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

Id. (other citations omitted).

In light of these factors, the district court correctly determined that this case is fairly subject to a determination by the Arkansas courts that the Board exceeded its authority under Ark. Code Ann. § 17-82-106, thereby obviating federal constitutional inquiry. Moreover, as the district court further noted, the AAPA expressly permits challenges to state rules and

regulations in the circuit courts of Arkansas. Slip op. at 4. Beavers, therefore, has an adequate state remedy available to him. Furthermore, while Pullman abstention has generally been disfavored in the context of First Amendment claims where state statutes have been facially challenged under the federal constitution, see, e.g., City of Houston v. Hill, 482 U.S. 451, 467, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987); Dombrowski v. Pfister, 380 U.S. 479, 489-90, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); George, 602 F.2d at 820, Pullman abstention has nonetheless been upheld in some cases in the interest of comity and federalism. See, e.g., Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 307-12, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); Harrison v. NAACP, 360 U.S. 167, 176-78, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959).

In light of the foregoing, we hold that the district court did not abuse its discretion in abstaining from exercising jurisdiction over Beavers's claims under the Pullman abstention doctrine.

See also, Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004)("The motivating force behind Younger abstention is the promotion of comity between state and federal judicial bodies. See Cedar Rapids Cellular, 280 F.3d at 881.")

In addition, the appellate court stated in Norwood v. Dickey, 409 F.3d 901, 904 8th Cir. 2005):

We "will not engage any presumption 'that the state courts will not safeguard federal constitutional rights.' " Neal v. Wilson, 112 F.3d 351, 357 (8th Cir. 1997) (quoting Middlesex County Ethics Comm., 457 U.S. at 431, 102 S.Ct. 2515, 73 L.Ed.2d 116).

The Court notes that, earlier this year, the Eighth Circuit ruled in Stilley v. Dickey, 117 Fed.Appx. 492 (8th Cir. 2005) as follows:

Oscar Stilley appeals the district court's dismissal under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), of his 42 U.S.C. §§ 1983, 1985, and 1988 complaint against defendant justices of the Arkansas Supreme Court. He also appeals the denial of his motion for reconsideration. Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in determining that abstention was appropriate, and in denying the motion for reconsideration. Accordingly, the judgment of the district court is affirmed.

Applying the above legal standards to this case, the Court finds that it should abstain from exercising jurisdiction over plaintiff's claims under the Pullman abstention doctrine. The Court

agrees with defendant that the interpretation of the deadline language in Amendment 7 is a state law question must be answered before any constitutional issues can be addressed and a ruling could moot all constitutional arguments. The Court further finds that plaintiff has an adequate state remedy under Ark. Code Ann. §7-9-107 by petition to the Arkansas Supreme Court and that, in any case, there is no longer any litigation involving him and the members of that body. As plaintiff has questioned when the 90-day period commences, the Arkansas Supreme Court should be given the opportunity to address that issue interpretation. As pointed out by defendant, the language in Amendment 7 is susceptible to an interpretation that would avoid any federal constitutional questions. Finally, abstention will avoid unnecessary federal interference with state operations since plaintiff is challenging an interpretation in the Arkansas Constitution.

Accordingly, defendant's October 12th motion (#3) to dismiss due to abstention under Pullman is hereby granted.

IT IS SO ORDERED this 20th day of September, 2005.

George Howard, Jr
UNITED STATES DISTRICT JUDGE